IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SANDRA L. WILSON                                              PLAINTIFF

VS.                           CIVIL ACTION NO. 5:02-cv-79(DCB)(JCS)

SHOE SHOW, INC.                                              DEFENDANT

ORDER

This cause is before the Court on the plaintiff's objections to bill of costs **(docket entry 62)**. Having carefully considered the bill of costs and objections, as well as the applicable law, the Court finds as follows:

A district court has wide discretion to allow or not to allow the prevailing party's request for costs. Christian v. Tackett, 86 F.R.D. 220 (N.D. Miss. 1979). The burden is on the party seeking costs to show that (1) the costs sought are recoverable, and (2) the amounts requested are reasonable. Expenses are not compensable if the Court is unable to determine if they were necessary for use in the case. Mississippi Chemical Corp. v. Dresser-Rand Co., 2000 WL 33725123, *17 (S.D. Miss. Sept. 12, 2000). Nor are expenses compensable where a party fails to carry its burden of showing that the costs were reasonable. Case v. Unified Sch. Dist. 233, 157 F.3d 1243 (10th Cir. 1998).

The plaintiff objects to the entire bill of costs on the basis that it does not show how the costs were necessarily obtained for use in the case, and does not sufficiently describe the costs to

enable her to determine if they were reasonable.  She also requests a complete itemization.  The defendant did not file a brief with its bill of costs addressing proof of necessity and reasonableness under 28 U.S.C. § 1920.  Nor did the defendant respond to the plaintiff's objections or submit any additional documentation in support of its bill of costs.

When a party "fails to respond to the objections to a bill of costs by coming forward with evidence showing the nature of the documents copied and how they were used or intended for use in the case, the court may disallow costs."  <u>Fulton Fed. Sav. & Loan v. American Ins. Co.</u>, 143 F.R.D. 292, 300 (N.D. Ga. 1991).  Costs for depositions may also be disallowed where a party's exhibits do not indicate the number of hours spent by the court reporter or the hourly rate charged.  <u>Johnson v. City of Elgin</u>, 2002 WL 171971, *3 (N.D. Ill. Feb. 1, 2002).  In such circumstances, where a party fails to respond to objections to a bill of costs, it is proper for the Court to disallow the entire amount.  <u>See</u> <u>Sieber & Calicutt v. Sphere Drake Ins. Co.</u>, 2003 WL 470546, *2 (E.D. Tex. Feb. 21, 2003); <u>Berryman v. Hofbauer</u>, 161 F.R.D. 341, 344 (E.D. Mich. 1995)(denying taxation of costs where prevailing party did not respond to objections to bill of costs nor provide an adequate basis to determine the necessity of the costs).

The Court finds that the defendant has failed to meet its burden of showing that the costs were necessary for use in the case

and reasonable, and the bill of costs shall therefore be disallowed. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's objections to the bill of costs **(docket entry 62)** are sustained, and the defendant's bill of costs is disallowed.

SO ORDERED, this the   25th   day of April, 2008.


                                        s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE